**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TIMOTHY G. PRYER**                                                           **PETITIONER**

**V.**                                                             **No. 1:07CV324-M-D**

**MARGRET BINGHAM, et al.**                                         **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Timothy Pryer, inmate number 115393, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondents have filed their answer and the Petitioner has submitted a traverse. After due consideration, the court finds that the petition should be denied in all respects.

*A. Factual and Procedural Background*

On October 4, 2005, in the Itawamba County Circuit Court, Pryer was convicted of sexual battery. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with five years suspended. Pryer's post trial motions were denied on October 21, 2005 and he timely pursued an appeal. On March 6, 2007, the Mississippi Court of Appeals affirmed Pryer's conviction and sentence. *See Pryer v. State*, 958 So.2d 818 (Miss. App. 2007). Pryer filed a motion for Post-Conviction Relief[1] ("PCR") in the Mississippi Supreme Court which was denied. He then petitioned the United States Supreme Court for a writ of certiorari which was also denied. Pryer filed this matter on December 27, 2007, setting forth seven grounds for relief.[2]

        Ground One                 Actual innocence.

        Ground Two                Separation of powers violation.

---

[1] His motion was self-styled a "Petition for Extraordinary Writ of Error Coram Nobis."

[2] The Respondents do not contest the timeliness of the petition.

| | |
|---|---|
| Ground Three | State imposed conflict of interest. |
| Ground Four | Actual denial of counsel on direct appeal. |
| Ground Five | Constructive denial of counsel on direct appeal. |
| Ground Six | Due Process violation: right to be heard. |
| Ground Seven | United States treaty violation. |

*B. Limitations on Review*

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed. Secondly, each claim in the petition must have been exhausted. 28 U.S.C. § 2254(b)(1). A claim is deemed exhausted if it has been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available, the claim will be finally dismissed. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Petitioners must also meet state procedural requirements in the state court proceedings. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). To avoid the bar of a procedural default, the petitioner must show "cause and prejudice" or a that "fundamental miscarriage of justice" will result if the court refuses to entertain the petition. *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998). If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights.

*C. Discussion*

**Procedural Bar**

The claim presented by Pryer in Ground Seven of the instant petition has not been presented to the State's highest court. In addition, the Petitioner cannot now exhaust Ground Seven because he has previously filed a motion for PCR and successive motions are prohibited. *See* Miss. Code Ann. § 99-39-27(9). Thus, a return to state court would now be futile. Therefore, the Petitioner's Ground Seven is procedurally barred under *Sones* and should be dismissed with prejudice.

The Petitioner has not shown "cause" under the "cause and prejudice" test necessary for the court to reach the merits of this claim despite the procedural bar because no external impediment existed to prevent him from raising and discussing this claim as a ground for relief in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). As the Petitioner has not shown "cause," the court need not consider whether the Petitioner suffered actual prejudice. *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996); *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992).

In an attempt to take advantage of the miscarriage of justice exception, Pryer claims he is factually innocent of the crime. As discussed in greater detail *infra*, his claim of innocence has no merit. *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). For these reasons, Ground Seven is procedurally barred and the court may not review the claim.

**Standard for Meritorious Review**

The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948, 71 L. Ed. 2d 78 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n.21, 102 S. Ct. 1558, n.21, 71 L. Ed. 2d 783 (1982).

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Ground One: Actual Innocence

In Ground One, Pryer argues that he is actually innocent of the crime with which he was convicted. Importantly, Pryer has presented no new evidence tending to establish his alleged innocence. Rather, Pryer argues that he is the victim of a vast conspiracy because of his affiliation with a Hispanic ministry. He further contends that he could not possibly have committed sexual battery because he is impotent. Pryer's claim, however, must fail.

It is well established that actual innocence is no grounds for federal habeas relief from a state-court conviction. *Herrera v. Collins*, 506 U.S. 390, 400, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). Actual innocence is not an independently cognizable federal habeas claim. *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006); *see House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064, 2087, 165 L. Ed. 2d 1 (2006) (declining to resolve whether stand-alone actual innocence claims are viable).

4

Thus, Pryer's actual innocence claim has no basis in law.

His claim also has no basis in fact. There is no proof of any conspiracy to have Pryer convicted. The sexual battery of the ten year-old victim is not related to these conspiracy theories. The record established, rather, that Pryer's wife–at the time of the incident– and mother of the victim contacted authorities and reported the crime. Furthermore, Pryer's purported impotence does not refute the victim's testimony that he used his fingers to penetrate her vaginally. Accordingly, Pryer's actual innocence claim has no merit.

### Grounds Two and Three: Separation of Powers Violation and Conflict of Interest

The impetus of Pryer's Ground Two is his defense attorney's dual employment. Specifically, Attorney Lori Basham, who represented Pryer during trial and partially through the appeal[3], is employed as the prosecutor for the city of Fulton, Mississippi and also works as a county public defender.

The Sixth Amendment guarantees the right to conflict-free counsel. *Gray v. Estelle*, 616 F.2d 801, 803 (5th Cir. 1980). A potential or speculative conflict does not violate the Sixth Amendment. *Barrientos v. United States*, 668 F.2d 383, 841 (5th Cir. 1982). An actual conflict occurs when an attorney places himself in a situation inherently conducive to divided loyalties such as when an attorney represents two or more defendants in the same proceeding. *Beets v. Scott*, 65 F.3d 1258, 1267 (5th Cir. 1995). Prejudice will be presumed only if the defendant can demonstrate that counsel actively represented conflicting interests and that an actual conflict adversely affected his lawyer's performance. *Strickland v. Washington*, 466 U.S. 688, 692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Here, Pryer cannot show that there was an actual conflict of interest which would entitled him

---

[3] Attorney Basham initiated the appeal and submitted the appellate brief. At Pyer's request Basham was removed and Attorney John Helmert was appointed.

to the presumption of prejudice. At best, Pryer raises on the specter of a potential conflict. For example, if Attorney Basham represented the city in some aspect of prosecuting Pryer in this matter, the result would most certainly be an actual conflict. In this case, however, at no time did Attorney Basham represent interests adverse to Pryer's defense. At no point in the underlying criminal proceedings, did Attorney Basham wear two hats. Her representation of Pryer was exclusive of her employment by the City of Fulton and the fact that she may have been called upon to prosecute unrelated matters does not impinge upon her ability to act as a criminal defense attorney. *See Moreland v. Scott*, 175 F.3d 347, 348-49 (5th Cir. 1999) (no actual conflict where defense counsel knew that he was running for district attorney in the next election; to be entitled to habeas relief, the petitioner had to show that counsel's performance was deficient under *Strickland*); *Mitchell v. Maggio*, 673 F.2d 77, 80-81 (5th Cir. 1982) (deciding there is no conflict of interest where an attorney is employed as a prosecutor and is also in a pool of potential defense attorneys). Pryer's Grounds two and three shall be denied.

### Grounds Four and Five: Denial of Counsel on Direct Appeal

In Grounds Four and Five, Pryer alleges that each appellate counsel was ineffective. He specifically claims that Attorney Basham filed the appellate brief without prior consultation. Pryer then implies that no brief was filed on his behalf during the appeal. Additionally, Pryer argues that Basham abandoned him for nearly six months. Pryer has not alleged any specific deficiency in Attorney Helmert's performance.

When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v.*

6

*Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687. The review is highly deferential towards the counselor's performance. There is a strong presumption that counsel exercised reasonable and professional judgment. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009). Conclusory allegations of ineffective assistance are insufficient to warrant habeas relief. *Collier v. Cockrell*, 300 F.3d 577, 687 (5th Cir. 2002).

An attorney does have a duty to consult with a defendant regarding the viability of an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). Counsel, however, has broad discretion in deciding which issues to raise on appeal. *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983). Pryer has failed to identify any meritorious issues that were omitted from the direct appeal. The failure to consult with a client about issues for appeal is less than commendable. Yet even if deemed deficient, Pryer must still show that he was prejudiced. He has not demonstrated any resulting prejudice. His claims of ineffective assistance of appellate counsel, therefore, fail.

<u>Ground Six: Due Process: Right to be Heard</u>

In Ground Six, Pryer essentially reasserts his arguments *supra*–that he was denied the right to be heard by the alleged ineffective assistance of appellate counsel. As previously discussed, neither appellate counselor rendered ineffective assistance. Thus, Pryer was not constructively or otherwise denied due process. Ground Six is denied.

*D. Conclusion*

The Grounds asserted by the Petitioner, neither singularly nor collectively, rise to a level worthy of habeas relief. From a review of the record, it appears that the Petitioner with the assistance of capable counsel was afforded a fair trial and direct appeal. The state court's denial of Pryer's claims was reasonable. Therefore, the Petitioner's claims have no merit and the petition shall be denied in all respects.

A final judgement shall issue in accordance with this opinion.

This the 20th day of January, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**